IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTIONETTE T. BRYANT, )
 )
        Plaintiff, )
 )
  -vs- )   Civil Action No.   18-578
 )
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos.14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Helen Valkavich, held a hearing on February 1, 2017. (ECF No. 8-3). On March 24, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 14-24).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

After exhausting administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 15). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Record not discussed

In her amended brief, Plaintiff argues that this case should be remanded because the ALJ failed to mention, discuss or analyze a CT scan that indicates Plaintiff suffers from chiari malformation of the brainstem. (ECF No. 14, p. 1, n.1). Plaintiff submits that symptoms

---

[2]RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

associated with chiari malformation of the brainstem are consistent with her testimony. *Id.* Along those same lines, Plaintiff argues that limitations associated therewith should have been included with the hypothetical questions posed to the vocational expert ("VE"). *Id.* Therefore, Plaintiff seeks remand on this basis. *Id.* After a review of the record, I agree.

At the hearing in this matter on February 1, 2017, the ALJ and counsel discussed the documents that comprised the record evidence in the case. (ECF No. 8-3). Clearly, there was confusion as to which documents had been filed. *Id.* After resolution, the ALJ asked counsel if he was aware of any other evidence that was not currently in the file. *Id.* at p. 7. Counsel responded that "[e]verything that has been submitted is everything that I'm aware of….And to my understanding the record is complete." *Id.* Then, at the end of the hearing, the ALJ closed the record and counsel did not object or ask that the record be held open for the submission of additional evidence. *Id.* at p. 67. Nonetheless, on February 21, 2017, the medical record containing the CT was filed as part of the record evidence at Exhibit B11F. (ECF No. 8-1, p. 2; No. 8-14, pp. 19-24). Thereafter, on March 29, 2018, ALJ issued her decision. (ECF No. 8-2, pp. 14-24). As a result, the CT scan was part of the record before the ALJ prior to her decision in the case. (ECF No. 8-1, p. 2; *see also,* Exhibit BF11 at ECF No. 8-14, pp. 19-24).

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he/she must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112,

121-22 (3d Cir. 2000), *quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. In her decision, the ALJ references severe and non-severe impairments; however, the ALJ never references chiari malformation of the brainstem or the record evidencing the same. *See,* ECF No. 8-2, pp. 14-24. During her discussion of the RFC, the ALJ again fails to discuss, mention or analyze the same. *Id.* As a result, I am unable to tell if the ALJ considered and rejected this evidence or if she failed to consider the same altogether. To be clear, I am not saying that the CT scan will change the result in this case. A mere diagnosis does not mean that the impairment is severe or that it results in functional limitations. That is a decision the ALJ must make in the first instance in accordance with the rules and regulations based on all of the evidence. The ALJ's failure to discuss the same in her decision, however, prohibits me from conducting a proper and meaningful review. Therefore, I find the remand is warranted.[3]

An appropriate order shall follow.

---

[3] In the main body of Plaintiff's Amended Brief, she raises the issue of whether the ALJ properly assessed the RFC. (ECF No. 14, pp. 3-6). Specifically, Plaintiff asserts that the ALJ's assessment failed to properly take into consideration all of her non-exertional limitations as indicated by her treating physician, Dr. Cutlip. *Id.* Since I am remanding as set forth above, this issue will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument it at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTIONETTE T. BRYANT, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 18-578
)
ANDREW M. SAUL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 28th day of August, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.